IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT RODRIGUES, )<br>         Plaintiff, )<br>vs. )<br> )<br>THE SCOTTS COMPANY LLC, )<br> )<br>         Defendant. )<br> ) | Civil Action No.<br><br>**NOTICE OF REMOVAL** (Diversity) |

## NOTICE OF REMOVAL

Defendant The Scotts Company LLC ("Scotts"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this civil action from the Massachusetts Superior Court, Barnstable County, Case No. BACV2006-00745, to the United States District Court for the District of Massachusetts. This Court has removal jurisdiction because this is a civil action "of which the district courts of the United States have original jurisdiction" and an action in which "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(a), (b).

Removal of this action is proper for the following reasons:

1.      A civil action was commenced on or about November 29, 2006, captioned *Scott Rodrigues v. The Scotts Company, LLC*, Cause No. 06-4935, in the Massachusetts Superior Court, Suffolk County (the "State Court Action"). A true and correct copy of the Summons and Complaint in the State Court Action is attached as Exhibit 1. True and correct copies of the docket sheets in the State Court Action and all pleadings and orders filed in the State Court Action are attached as Exhibits 2 through 6.

2.     On December 12, 2006, the state court ordered a change of venue and transferred the State Court Action to the Massachusetts Superior Court, Barnstable County, where the case is pending as of the filing of this Notice of Removal. *See* Exhibit 5.

3.     Plaintiff Rodrigues identifies himself as a resident of the Commonwealth of Massachusetts. Exhibit 1 ¶ 2 (Complaint).

4.     Defendant The Scotts Company LLC ("Scotts") is a limited liability company organized under the laws of the State of Ohio. Its sole member is The Scotts Miracle-Gro Company, an Ohio corporation with principal place of business in Ohio. Exhibit 7, ¶¶ 3-5 (Decl. of Kathy Uttley). Accordingly, The Scotts Company LLC is a citizen of the State of Ohio and of no other jurisdiction.

5.     Scotts is the only defendant named in the State Court Action.

6.     The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as explained in the following paragraphs 7-12.

7.     Plaintiff seeks compensatory damages for his allegedly wrongful termination, including "loss of income and benefits." Compl. ¶¶ 35, 36(b). Plaintiff was provisionally hired at an annual salary of $28,600, plus benefits of approximately $3170 per year. Exhibit 8, ¶¶ 3-4 (Decl. of Paula Bell). In addition, Plaintiff is not requesting reinstatement so appears to be including front pay in his claim for compensatory damages, as well as backpay from the date of his termination to the present. *See id.* ¶ 5 (Plaintiff's offer of employment was revoked September 2, 2006).

8.     Plaintiff seeks a separate, likewise unenumerated award of damages for non-economic harms, including alleged "embarrassment, humiliation, emotional distress," and for invasion of his privacy. Compl. ¶¶ 23, 35.

2

9. Plaintiff seeks an award of punitive damages in addition to the foregoing compensatory damages. Compl. ¶ 36(c).

10. Plaintiff seeks an award of attorney's fees. Compl. ¶ 36(d). One of the causes of action asserted in the complaint, the Massachusetts Civil Rights Act, provides that prevailing plaintiffs "shall be entitled to an award of . . . reasonable attorneys' fees in an amount to be fixed by the court." Mass. Gen. Laws ch. 12, § 11I.

11. Plaintiff seeks a declaratory judgment that both urine testing for nicotine and the termination of smokers from employment are unlawful. Compl. ¶ 36(a). As the Complaint alleges, Scotts has announced and is in the process of adopting a Tobacco-Free Policy for all its employees; Plaintiff's provisional employment was revoked pursuant to one aspect of that policy. *See* Compl. ¶¶ 4, 9, 12, 19, 30. Plaintiff averred in the state court that "this case involves a serious question of corporate governance of significant concern to businesses throughout the nation: whether and how a corporation can control its employees' out-of-the-workplace activities in order to control health care costs." Exhibit 5, at 2; *see also* Compl. ¶ 5. If Plaintiff obtains the declaration against Scotts that he demands, Scotts would likely be required to revoke its Tobacco-Free Policy for all of its positions in Massachusetts. Because employing smokers has a significant cost for any business, the future cost of complying with such a declaratory judgment will be substantial and may exceed $75,000 alone.

12. The total amount claimed by Plaintiff and the total cost to Scotts of the non-monetary relief that Rodrigues seeks appears to a sufficient degree of certainty to exceed $75,000.

13. Scotts received a copy of the summons and complaint on January 2, 2007. Exhibit 6 (Return of Service).

14. Because this action is within this Court's original jurisdiction pursuant to 28 U.S.C. § 1332, the action may be removed to this Court by Scotts pursuant to 28 U.S.C. §§ 1441 and 1446.

15. This Notice of Removal is timely in that it is filed within thirty days after the first receipt of the summons and the original pleading by Scotts, in accordance with 28 U.S.C. § 1446(b), and is signed in accordance with Rule 11 of the Federal Rules of Civil Procedure.

16. A copy of a Notice of Filing of Notice of Removal is attached hereto as Exhibit 9. Promptly after filing this notice, Scotts will file that notice with the Massachusetts Superior Court, Barnstable County, and serve a copy on counsel for plaintiff, as required by 28 U.S.C. § 1446(d).

17. Scotts reserves all defenses available to it at law, in equity, or otherwise. Scotts does not waive any defenses available to it by the filing of the instant Notice.

WHEREFORE, defendant Scotts notices the removal of this case to the United States District Court for the District of Massachusetts.

Dated: January 22, 2007         Respectfully submitted,

THE SCOTTS COMPANY, LLC
By its attorneys

/s/David S. Godkin
David S. Godkin (BBO# 196530)
BIRNBAUM & GODKIN, LLP
280 Summer Street, 5th Floor
Boston, MA  02210
Tel: (617) 307-6100
Fax: (214) 307-6101

OF COUNSEL:

Miguel A. Estrada
Eugene Scalia
William M. Jay
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 955-9500
Fax: (202) 467-0539

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the attorney of record for each other party on this 22nd day of January, 2007, by U.S. mail directed to the following address:

Harvey A. Schwartz
Rodgers, Powers & Schwartz
18 Tremont Street
Boston, MA 02108

/s/ David S. Godkin
David S. Godkin, Esq.