**EXHIBIT 1**

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:   CONTRACT   TORT
MOTOR VEHICLE TORT        EQUITABLE RELIEF            OTHER)

# Commonwealth of Massachusetts

BARNSTABLE, ss.                                                             SUPERIOR COURT
                                                                            No. 06-4935

Scott Rodrigues,
    Plaintiff

VS.

The Scott's Company, LLC
    Defendant

## SUMMONS

To the above-named defendant : The Scott's Company, LLC

You are hereby summoned and required to serve upon ...Harvey Schwartz............................................
of Rodgers, Powers & Schwartz LLP ........................................................ plaintiff's attorney, whose address is
...18 Tremont Street, Suite 500, Boston, MA 02108......................................, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness,  SUZANNE V. DEL VECCHIO Esquire, at Barnstable, the ..........27th..........
day of ...December.................., in the year of our Lord two thousand and .....six.........

A true copy Attest: *[signature]*
1/2/07 Deputy Sheriff Suffolk County

*[signature]* Scott W. Nickerson   Clerk

**NOTE:** When more than one defendant is involved, the names of all defendants shall appear in the caption. If a separate summons is issued for each defendant, each should be addressed to the particular defendant.

## NOTICE TO DEFENDANT

You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

COMMONWEALTH OF MASSACHUSETTS
The Trial Court
Superior Court Department

Suffolk, ss

| | | |
|---|---|---|
| SCOTT RODRIGUES<br>    Plaintiff | )<br>)<br>) | **COMPLAINT**<br>**and jury trial demand** |
| v. | ) | |
| | ) | |
| THE SCOTTS COMPANY, LLC<br>    Defendant | )<br>) | |

### Introduction

1. In this civil action the plaintiff alleges that he was fired by his employer because he smoked cigarettes in private, off-duty, away from work. The employer has a policy of refusing to employ persons who smoke tobacco. The complaint alleges that this policy violates Rodrigues' rights under the Massachusetts Privacy Statute and constitutes a violation of his civil rights. In more general terms, this case challenges the right of an employer to control employees' personal lives and activities by prohibiting legal private conduct the employer finds to be dangerous, distasteful or disagreeable. The plaintiff seeks a declaration that the corporation's policy violates Massachusetts law, and compensatory damages.

### Parties

2. The plaintiff Scott Rodrigues is an adult resident of Buzzards Bay, Barnstable County, Massachusetts.

3. The defendant The Scotts Company, LLC ("Scotts") is an Ohio corporation registered to do business in Massachusetts. Scotts is a subsidiary of Scotts-Miracle-Gro Company, which holds itself as the world's largest marketer of branded consumer lawn and garden

products. Scotts has more than 6,000 employees and has more than $2.7 billion in annual sales. Scotts LawnServices is a division of Scotts that provides on-site lawn, tree and shrub fertilization, insect control and other related services. Scotts operates a Scotts LawnServices branch in, among other places around the country, Sagamore Beach, Barnstable County, Massachusetts.

## Facts

4. In December 2005, Scotts announced that it would institute a policy prohibiting smoking of tobacco products by its employees at any time and at any place, whether or not in the workplace or during work hours. Scotts announced that it would conduct random urine sampling of employees and that employees who tested positive for nicotine would be fired.

5. Scotts' stated purpose for its nicotine-free policy was to save money on medical insurance costs and to promote healthy lifestyles among its employees.

6. In March 2006, Rodrigues responded to an advertisement placed by Scotts for a "lawn service technician."

7. He was hired by Scotts and assigned to Scotts' Sagamore Beach, Massachusetts business location.

8. Rodrigues was issued a Scotts' uniform and worked for Scotts, servicing Scotts' customers and operating Scotts' equipment. He performed all of his job duties competently. He was paid by Scotts for this work.

9. Pursuant to Scotts' nicotine-free policy, Scotts required Rodrigues to submit to a urine sampling procedure after he was hired.

10. After successfully working for Scotts without incident, Rodrigues was told that he had failed the drug test because his urine sample tested positive for nicotine.

11. Rodrigues was fired by Scotts because he tested positive for nicotine.

12. Scotts provided Rodrigues with no reason for his termination other than the results of his urine analysis.

13. Rodrigues smoked cigarettes while a Scotts employee. He did not smoke on the job or during work hours. He did not smoke during breaks from work or in the presence of other Scotts employees or Scotts customers or vendors.

14. Scotts has no policies compelling employees to abstain from other legal but unhealthy practices, including obesity, consumption of alcohol, failure to exercise, skydiving, excessive television viewing, eating processed sugars, owning dangerous pets, flying private aircraft, mountain climbing, downhill ski racing, single-handed sailing, or spreading toxic chemicals on lawns.

15. In future job applications to which Rodrigues responds truthfully, he will be compelled to inform potential employers that he was fired by Scotts because he failed a drug test. Even if he explains that he tested positive for nicotine, this is such an unusual reason for a termination that potential employers are likely to disbelieve him and to conclude that he failed a drug test for illegal drugs.

## COUNT ONE
### Violation of privacy
### Mass. G.L. c. 214 § 1B

The plaintiff realleges the foregoing.

16. Rodrigues was compelled by Scotts to urinate and to provide a sample of his urine for nicotine testing, on threat of termination of his employment if he refused to comply.

17. Rodrigues had a reasonable expectation of privacy in regard to being compelled to urinate and to provide a urine sample for nonmedical purposes.

18. Rodrigues also had a reasonable expectation of privacy in regard to the information that could be obtained from his urine sample, including nonmedical information that related solely to his legal activities outside of the workplace and outside of work hours.

19. There was nothing about the nature of Rodrigues' job with Scotts that created any business necessity for him to be nicotine-free. Scotts' nicotine-free policy applies to every Scotts employee regardless of the nature of their positions.

20. Scotts had no legitimate business interest in compelling Rodrigues to provide a urine sample for nicotine testing.

21. Scotts had no legitimate business interest in prohibiting Rodrigues from smoking in his private life, away from work.

22. Whatever business interests Scotts may have had in compelling Rodrigues to provide a urine sample for nicotine testing and in prohibiting Rodrigues from smoking in his private life failed to outweigh Rodrigues' privacy interests in not being compelled to provide a urine sample and in maintaining the privacy of his out-of-the-workplace conduct involving legal activities, including smoking.

23. Compelling Rodrigues to urinate and to submit a urine sample for nicotine testing constituted an unreasonable, substantial and serious interference with Rodrigues' privacy and private life, in violation of Mass. G.L. c. 214 § 1B.

## COUNT TWO
### Massachusetts Civil Rights Act violation
### Mass. G.L. c. 12 § 11I

The plaintiff realleges the foregoing.

24. Rodrigues had the right to be secure from unreasonable searches of his person, as protected by art. 14 of the Massachusetts Declaration of Rights, and to be free from unreasonable, substantial and serious interference with his personal privacy, as protected by G.L. c. 214 § 1B.

25. Rodrigues' right to smoke cigarettes in his private life, away from the workplace, was further protected by G.L. c. 214 § 1B and the Massachusetts Declaration of Rights, art. 1, 7, and 56.

26. Compelling Rodrigues to urinate and provide a sample of his urine to Scotts, and testing that sample for nicotine violated the above rights.

27. Firing Rodrigues because he smoked cigarettes in his private life away from the workplace violated the above rights.

28. Scotts threatened to fire Rodrigues if he refused to urinate and to provide a urine sample for nicotine testing.

29. Scotts threatened to fire Rodrigues if his urine sample revealed that he had smoked cigarettes in his private life while a Scotts employee.

30. Scotts' implementation of its nicotine-free policy violated Rodrigues' rights as described above by means of threats, intimidation or coercion, in violation of Mass. G.L. c. 12 § 11I.

## COUNT THREE
## WRONGFUL TERMINATION

The plaintiff realleges the foregoing.

31. The public policy of the Commonwealth, as expressed in G.L. c 214 § 1B and in art. 1 and 14 of the Declaration of Rights, is to protect citizens from unreasonable searches and seizures of their persons and from unreasonable, substantial and serious interference with their personal privacy.

32. Rodrigues had the right to refuse to provide a urine sample for nicotine testing.

33. Rodrigues had the right to smoke cigarettes in his personal life, outside of the workplace and work hours.

34. Rodrigues was fired by Scotts in violation of those rights. This termination constituted a wrongful termination of his employment for a reason in violation of the public policy of the Commonwealth.

35. As a result of all of the above conduct by Scotts, Rodrigues was injured. He suffered loss of income and benefits, embarrassment, humiliation, emotional distress and his rights were otherwise violated.

36. Wherefore, Rodrigues demands judgment against the defendant Scotts as follows:

   a. A declaratory judgment finding that Rodrigues' rights as described above were violated when he was compelled to provide a urine sample for nicotine testing and when he was fired for having smoked cigarettes outside the workplace;

   b. An award of compensatory damages, plus interests and costs;

    c.    An award of punitive damages;

    d.    An award of his reasonable costs and fees of this action, including his reasonable attorneys fees.

**Jury demand** – The plaintiff demands a jury trial.

          Scott Rodrigues, plaintiff
          By his attorneys,

          */s/ Harvey A. Schwartz*

          HARVEY A. SCHWARTZ
          BBO. # 448080
          LAURIE A. FRANKL
          BBO # # 647181
          Rodgers, Powers & Schwartz
          18 Tremont Street
          Boston, MA 02108
          (617) 742-7010

Date:   November 29, 2006